MEMORANDUM **
John (Jack) Angello appeals pro se from the district court’s judgment on partial findings under Federal Rule of Civil Procedure 52(c) in his action claiming that his employer, Northern Marianas College (“NMC”), and others, discriminated and retaliated against him. We have jurisdiction under 28 U.S.C. § 1291 and 48 U.S.C. § 1821(a). We review for clear error the district court’s findings of fact and review de novo its legal conclusions. Dubner v. *274 City and County of S.F., 266 F.3d 959, 964 (9th Cir.2001). We affirm.
The district court properly concluded that Angello offered insufficient evidence to show that sex was a motivating factor for termination of his employment as required to show a discrimination claim under 42 U.S.C. § 2000e-2(m). Angello also did not offer sufficient evidence of a causal link between the complaints and grievances he lodged and the adverse action taken against him as required for a retaliation claim under 42 U.S.C. § 2000e-3(a). Therefore the district court properly entered judgment. See Fed.R.Civ.P. 52(c) (“[T]he court may enter judgment against the party on a claim ... that, under the controlling law, can be maintained ... only with a favorable finding on that issue.”).
Contrary to Angello’s contentions, the record shows that the district court did consider his harassment and hostile work environment claims and did note that Moir was not in a position to evaluate him. Also contrary to Angello’s contention, there was trial testimony that the NMC President told a Pacific Rim Academy representative that NMC lacked funding for the Pacific Rim Academy program.
Also contrary to Angello’s contention, as an employee of NMC he did not enjoy civil service protections. See N. Marianas Coll. v. Civil Serv. Comm’n., No. 06-0021, 2007 WL 949763, at *4 (N. Mar. I, Mar. 28, 2007) (“We hold that NMC is ... exempted from the civil service system. [The Civil Service Commission] does not have the authority to consider administrative appeals from NMC’s employees, including Angello’s administrative appeal.”).
We need not reach Angello’s contention that the district court misconstrued and mishandled certain evidence because that evidence was not material to the grounds upon which the district court entered judgment.
Angello’s remaining contentions, including those regarding the Lieutenant-Governor’s apparent support for the Pacific Rim program and the role of NMC’s Academic Council in approving pilot programs, are not persuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.